AO88 (Rev 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

OMG FIDELITY, INC.,

    Plaintiff,

V.

SIRIUS TECHNOLOGIES, INC.,

    Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 6:06CV1184 (DNH/DEP)
Northern District of New York

TO:  Komag, Incorporated
      1710 Automation Parkway
      San Jose, CA 95131

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A, attached hereto, for Definitions and the Specific Documents to Be Produced.

| PLACE | DATE AND TIME |
|---|---|
| Jones Day, 2882 Sand Hill Road, Suite 240, Menlo Park, CA 94025 | January 17, 2007 at 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]   Attorney for Plaintiff | January 3, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Meredith M. Wilkes, Jones Day
North Point, 901 Lakeside Avenue
Cleveland, OH 44114    Telephone: 216-586-3939

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

2002 © American LegalNet, Inc.

# EXHIBIT A

## DEFINITIONS

These topics incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions and instructions.

1. As used herein, the term "Sirius" means Defendant Sirius Technology, Inc., the officers, directors, employees, partners, subsidiaries, corporate parents, affiliates, and divisions of each of them, and any relevant predecessors, successors, successors-in-interest, and assigns of each of them.

2. As used herein, the term "Komag" means Komag, Inc. and Komag USA (Malaysia), the officers, directors, employees, partners, subsidiaries, corporate parents, affiliates, and divisions of each of them, and any relevant predecessors, successors, successors-in-interest, and assigns of each of them.

3. As used herein, the term "Electroless Nickel Product" means any product intended for use in an electroless nickel plating process for memory disks, including, but not limited to, nickel-containing formulae, pre-treatment formulae, replenishment formulae, stabilizer-containing formulae, chelator-containing formulae, buffer-containing formulae, and reducing agent-containing formulae.

4. As used herein, the term "Payment" means any compensation received including, but not limited to, the exchange of any consideration, money, reimbursement of expenses, and prepayment of expenses.

5. As used herein, the term "Agreement" means any contract, agreement, arrangement, promise or other understanding—whether or not reduced to writing—between or among two or more parties.

6. As used herein, the term "concerning" means relating to, referring to, describing, evidencing or constituting.

7. As used herein, the term "all" shall be construed as all and each, and the term "each" shall be construed as all and each.

8. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. The use of the singular form of any word includes the plural and vice versa.

**Specific Documents to Be Produced:**

1. Komag's communications with Sirius (or anyone acting on Sirius' behalf) concerning:

    a. any Electroless Nickel Product;

    b. OMG; or

    c. any person's confidentiality obligations to OMG, including, but not limited to those of Alan Ruffini.

2. Any Agreement with Sirius (or anyone acting on Sirius' behalf) that concerns any Electroless Nickel Product.

3. Any communications referring or relating to any Agreement with Sirius (or anyone acting on Sirius' behalf) for Electroless Nickel Product.

4. Sirius's performance, or lack of performance, pursuant to any Agreement concerning any Electroless Nickel Product.

5. Any Payment or other consideration exchanged pursuant to any Agreement with Sirius (or anyone acting on Sirius' behalf) relating to any Electroless Nickel Product.

6. All documents relating to the development of any formula(e) for any Electroless Nickel Product that Sirius (or anyone acting on Sirius' behalf) has sold to Komag, offered for sale to Komag, developed for Komag or developed in conjunction with Komag including:

    a. persons involved in the development;

    b. when work first began on the development;

    c. the physical location(s) where development took place;

    d. disclosures made by Sirius to Komag;

    e. when the formula(e) was/were available in present form;

      f.    any testing of the formula(e);

      g.    the results of any testing of the formula(e); and

      h.    the identity of any entity or person (other than Sirius or Komag) to whom such formula(e) were disclosed.

7. Communications between Komag and Sirius (or anyone acting on Sirius' behalf) that concern OMG's Electroless Nickel Product, including:

      a.    any OMG documents disclosed or given to Sirius;

      b.    the disclosure to Sirius of any information originally disclosed by OMG to Komag through OMG documents or through communications from OMG;

      c.    the disclosure to Sirius of any ingredients of any OMG Electroless Nickel Product; and

      d.    the disclosure to Sirius of any physical samples of any OMG Electroless Nickel Product.

8. Any documents relating to any effort by Komag to produce any Electroless Nickel Product at any Komag facility including:

      a.    any raw materials purchased;

      b.    any equipment purchased;

      c.    the set-up and assembly of any equipment;

      d.    the use of any raw materials;

      e.    any trials conducted;

      f.    any trial-scale or pilot-scale lines; and

      g.    the quantity of any Electroless Nickel Product produced.

10. Any documents relating to any efforts by Komag, or any person acting on Komag's behalf, to reverse engineer or otherwise reproduce any Electroless Nickel Product produced by OMG for Komag or any other person.

11. A physical sample of any Electroless Nickel Product that has been sold to, offered for sale to, or developed on or conjunction with any person other than OMG since 1996.

12. All documents relating to Komag's efforts to obtain an Electroless Nickel Product from someone other than OMG from 1996 to present.

AO88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D :

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an uncertained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2002 © American LegalNet, Inc.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| JONES DAY<br>NORTH POINT<br>901 LAKESIDE AVENUE<br>CLEVELAND OH 44114<br>ATTORNEY FOR | 216-586-3939<br><br>Ref. No. or File No. | |
| Insert name of court and name of judicial district and branch if any. | | |
| SHORT TITLE OF CASE:<br>OMG FIDELITY V SIRIUS TECHNOLOGY | | |

| INVOICE NO. | DATE: | TIME: | DEP./DIV. | CASE NUMBER: |
|---|---|---|---|---|
| 060247 | | | | 6:06CV1184DNH/DEP |

PROOF OF SERVICE OF SUBPOENA

1.  I SERVED THIS:

    SUBPOENA IN A CIVIL CASE
    EXHIBIT A

    a.  PERSON SERVED: KOMAG, INCORPORATED
        BY GIVING TO: MING CHOO SAM, ASSISTANT TO
        KATHLEEN BAYLESS, REGISTERED AGENT

    b.  ADDRESS WHERE SERVED: 1710 AUTOMATION PARKWAY
        SAN JOSE CA 95131

    c.  DATE OF DELIVERY: 01/03/07

    d.  TIME OF DELIVERY: 2:30PM

    e.  WITNESS FEES WERE OFFERED OR DEMANDED & PAID: $71.15
        IF THE ABOVE NOT FILLED IN, FEES WERE NOT DEMANDED OR PAID.

    f.  FEE FOR SERVICE:    158.65

2.  PERSON SERVING: Gina McCall

LEGAL PURSUIT, INC
22 WEST ST. JOHN STREET
SAN JOSE, CA 95113
408-288-4105 FAX 408-885-9577

d.  Registered California process server
(1) [ ] Employee or [ X ] Independent Contractor
(2) Registration No. 879
(3) County: SANTA CLARA
(4) Expiration: 07/31/07

I declare under penalty of perjury, under the laws of the of California, and of the United States of America that the foregoing is true and correct.

DATE: 01/04/07                                  SIGNATURE: Gina McCall
       CONFORMS WITH JUDICIAL COUNCIL FORM # 982