1  TERRY T. JOHNSON, State Bar No. 121569
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
   650 Page Mill Road
3  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
4  Facsimile: (650) 565-5100

5  JENNY L. DIXON, State Bar No. 192638
   WILSON SONSINI GOODRICH & ROSATI
6  Professional Corporation
   One Market, Spear Tower, Suite 3300
7  San Francisco, CA 94105
   Telephone: (415) 947-2000
8  Facsimile: (415) 947-2099
   Email: jldixon@wsgr.com

9  Attorneys for Third Party
10 KOMAG, INCORPORATED

11                 UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13

14 OMG FIDELITY, INC.,              )  CASE NO.: 6:06 CV 1184 (DNH/DEP)
                                    )
15              Plaintiff,          )  OBJECTIONS AND RESPONSES TO
                                    )  PLAINTIFF'S SUBPOENA
16      v.                          )  *DUCES TECUM* DIRECTED TO
                                    )  KOMAG, INCORPORATED
17 SIRIUS TECHNOLOGIES, INC.,       )
                                    )
18              Defendant.          )
                                    )
19                                  )
                                    )
20 _____  )

21      Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Komag,

22 Incorporated hereby responds to Plaintiff OMG Fidelity Inc.'s Subpoena *Duces Tecum*

23 ("Plaintiff's Subpoena"), subject to the following objections.

24                      **GENERAL OBJECTIONS**

25      The following General Objections apply to each of the document requests propounded by

26 Plaintiff and, unless otherwise stated, shall have the same force and effect as if set forth in full in

27 response to each of the separately numbered document requests in Plaintiff's Subpoena.

28

Obj. and Responses to Plaintiff's Subpoena Duces    -1-                                    3029405
Tecum Directed to Komag, Inc.

1. Komag objects to Plaintiff's Subpoena on the grounds that it is burdensome, oppressive, and does not comply with the admonition of Fed. R. Civ. P. 45(c)(1) that a subpoena to third parties should "avoid imposing undue burden or expense on a person subject to that subpoena."

2. Komag objects to all instructions, definitions, and document requests (together, the "Document Requests") to the extent that they call for Komag to do more than is required under the Federal Rules of Civil Procedure and the applicable rules of this Court.

3. Komag objects to each Document Request that purports to seek discovery beyond the scope of the actual alleged trade secrets Plaintiff has asserted in the lawsuit, and further objects because Plaintiff has not specified its trade secret claims to Komag in a manner such that Komag could accurately ascertain the proper scope and limits of the discovery sought.

4. Komag objects to each Document Request to the extent that it purports to require Komag to seek documents in the possession of other persons or entities, or to create documents not presently in the possession, custody or control of Komag. Komag further objects to each Document Request to the extent that it seeks documents or information that is more readily available to Plaintiff or in the public domain on the grounds that this subjects Komag to unreasonable and undue annoyance, oppression, burden, and expense. Komag will produce documents only to the extent that such materials are in the possession, custody, or control of Komag and are not otherwise publicly available.

5. Komag objects to each Document Request to the extent that it is vague and ambiguous, overly broad and unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

6. Komag objects to each Document Request to the extent that it is unreasonably cumulative or duplicative.

7. Komag objects to each Document Request to the extent that it seeks documents covered by the attorney-client privilege, the joint defense or common interest privilege,

1  the work product doctrine or any other privilege or immunity from production. Information and
2  documents covered by one or more privileges or immunities will not be produced.
3      8.   Inadvertent production of any material subject to the attorney-client
4  privilege, the joint defense or common interest privilege, the work product doctrine, prepared in
5  anticipation of litigation or for trial, or otherwise protected or immune from discovery shall not
6  constitute a waiver of any privilege or of any other ground for objecting to discovery of such
7  materials, its subject matter or information contained therein or of Komag's right to object to the
8  use of such material during any later proceeding or otherwise seek return of the material.
9      9.   Komag objects to each Document Request to the extent that it seeks
10 documents and things that are of a confidential or proprietary nature or cannot be disclosed
11 because of confidentiality obligations to third parties.
12     10.  Komag objects to each Document Request on the ground that it is overly
13 broad and burdensome to the extent that no time limits are set forth therein.
14     11.  Komag objects to each Document Request on the grounds of undue burden
15 and cost to the extent it seeks discovery of electronically stored information from sources that are
16 not reasonably accessible.
17     12.  Komag objects to each Document Request to the extent that it requires
18 Komag to search for and produce documents that are not centrally maintained.
19     13.  Komag objects to each Document Request to the extent that it seeks
20 information or documents concerning aspects of Komag's business that have no bearing on the
21 subject matter of the underlying action or the dispute between Plaintiff and Sirius Technologies,
22 Inc., and thus are neither relevant nor reasonably calculated to lead to the discovery of admissible
23 evidence.
24     14.  Komag objects to each Document Request as overly broad and unduly
25 burdensome to the extent that it seeks to obtain information or material regarding ongoing research
26 and development activities that are not relevant to the subject matter of any of the claims and
27 defenses in the underlying action.
28

Obj. and Responses to Plaintiff's Subpoena Duces    -3-                                    3029405
Tecum Directed to Komag, Inc.

15. Komag objects to the production date of January 17, 2007. The time period between the issuance of Plaintiff's Subpoena and the production date called for therein is an unreasonably short period of time to compile and produce the documents requested by Plaintiff's Subpoena.

16. If documents are to be produced, such documents as may be produced in response to the Documents Requests will be produced for inspection and copying on a mutually agreeable date and time at a mutually agreeable location.

17. The following responses and objections are based upon information presently available to Komag and its attorneys. Accordingly, Komag expressly reserves the right to so further supplement or revise these responses and objections.

18. The failure of Komag to make a specific objection to a particular, individual Document Request is not, and shall not be construed as, an admission that any responsive documents exist. Likewise, any statement herein that Komag will produce any documents in response to an individual Document Request does not mean that Komag in fact has any such documents, or that any such document exists.

**OBJECTIONS TO DEFINITIONS**

19. Komag objects to the definitions of "Sirius" and "Komag" on the grounds that certain of the terms such as "partners," "affiliates," and "any relevant predecessors, successors, successors-in-interest, and assigns" are vague and ambiguous.

20. Komag objects to the definition of "Payment" on the grounds that the phrase "any compensation received" renders the term vague and ambiguous. Komag further objects on the grounds that this definition requires it to speculate or form a legal conclusion.

21. Komag objects to the definition of "Agreement" on the grounds that it is unduly burdensome to the extent it calls for production of information which was not generated in the form of a written or printed record.

///

Obj. and Responses to Plaintiff's Subpoena Duces —4—
Tecum Directed to Komag, Inc.

3029405

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the foregoing General Objections and Objections to Definitions, each of which is incorporated into the Specific Objections and Responses to the Document Requests below, Komag provides the following Specific Objections and Responses.

**DOCUMENT REQUEST NO. 1:**

Komag's communications with Sirius (or anyone acting on Sirius' behalf) concerning:

a. any Electroless Nickel Product;

b. OMG; or

c. any person's confidentiality obligations to OMG, including, but not limited to those of Alan Ruffini.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Subject to and without waiving its General Objections, Komag will produce all responsive non-privileged documents subject to the terms and provisions of the Stipulation and Protective Order dated December 18, 2006.

**DOCUMENT REQUEST NO. 2:**

Any Agreement with Sirius (or anyone acting on Sirius' behalf) that concerns any Electroless Nickel Product.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

In addition to the General Objections, Komag objects to this Request on the grounds that the term "Agreement" is unduly burdensome to the extent it calls for production of information which was not generated in the form of a written or printed record.

Subject to and without waiving these objections, Komag will produce all responsive non-privileged documents subject to the terms and provisions of the Stipulation and Protective Order dated December 18, 2006.

**DOCUMENT REQUEST NO. 3:**

Any communications referring or relating to any Agreement with Sirius (or anyone acting on Sirius' behalf) for Electroless Nickel Product.

Obj. and Responses to Plaintiff's Subpoena Duces Tecum Directed to Komag, Inc.   -5-   3029405

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to the General Objections, Komag objects to this Request on the grounds that the term "Agreement" is unduly burdensome to the extent it calls for production of information which was not generated in the form of a written or printed record. Komag further objects to this Request on the grounds that it is duplicative of Request Nos. 1 and 2.

Subject to and without waiving these objections, Komag will produce all responsive non-privileged documents subject to the terms and provisions of the Stipulation and Protective Order dated December 18, 2006.

**DOCUMENT REQUEST NO. 4:**

Sirius' performance, or lack of performance, pursuant to any Agreement concerning any Electroless Nickel Product.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

In addition to the General Objections, Komag objects to this Request on the grounds that the term "Agreement" is unduly burdensome to the extent it calls for production of information which was not generated in the form of a written or printed record. Komag further objects to this Request on the grounds that the term "performance" is vague and ambiguous.

Subject to and without waiving these objections, Komag will produce all responsive non-privileged documents subject to the terms and provisions of the Stipulation and Protective Order dated December 18, 2006.

**DOCUMENT REQUEST NO. 5:**

Any Payment or other consideration exchanged pursuant to any Agreement with Sirius (or anyone acting on Sirius' behalf) relating to any Electroless Nickel Product.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

In addition to the General Objections, Komag objects to this Request on the grounds that the term "Agreement" is unduly burdensome to the extent it calls for production of information which was not generated in the form of a written or printed record. Komag further objects to this Request on the grounds that the term "consideration" is vague and ambiguous and calls for a legal conclusion.

1  **DOCUMENT REQUEST NO. 6:**

2  All documents relating to the development of any formula(e) for any Electroless Nickel
3  Product that Sirius (or anyone acting on Sirius' behalf) has sold to Komag, offered for sale to
4  Komag, developed for Komag or developed in conjunction with Komag including:

5      a.    persons involved in the development;
6      b.    when work first began on the development;
7      c.    the physical location(s) where development took place;
8      d.    disclosures made by Sirius to Komag;
9      e.    when the formula(e) was/were available in present form;
10     f.    any testing of the formula(e);
11     g.    the results of any testing of the formula(e); and
12     h.    the identity of any entity or person (other than Sirius or Komag) to whom such
13 formula(e) were disclosed.

14 **RESPONSE TO DOCUMENT REQUEST NO. 6:**

15 Subject to and without waiving the General Objections, Komag will produce all responsive
16 non-privileged documents subject to the terms and provisions of the Stipulation and Protective
17 Order dated December 18, 2006.

18 **DOCUMENT REQUEST NO. 7:**

19 Communications between Komag and Sirius (or anyone acting on Sirius' behalf) that
20 concern OMG's Electroless Nickel Product, including:

21     a.    any OMG documents disclosed or given to Sirius;
22     b.    the disclosure to Sirius of any information originally disclosed by OMG to
23         Komag through OMG documents or through communications from OMG;
24     c.    the disclosure to Sirius of any ingredients of any OMG Electroless Nickel
25         Product; and
26     d.    the disclosure to Sirius of any physical samples of any OMG Electroless Nickel
27         Product.

28

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Subject to and without waiving the General Objections, Komag responds that no documents responsive to this Request exist.

**DOCUMENT REQUEST NO. 8:**

Any documents relating to any effort by Komag to produce any Electroless Nickel Product at any Komag facility including:

a. any raw materials purchased;
b. any equipment purchased;
c. the set-up and assembly of any equipment;
d. the use of any raw materials;
e. any trials conducted;
f. any trial-scale or pilot-scale lines; and
g. the quantity of any Electroless Nickel Product produced.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

In addition to the General Objections, Komag objects to this Request to the extent that it seeks information of documents concerning aspects of Komag's business and ongoing research and development activities that have no bearing on the subject matter of the underlying action or the dispute between Plaintiff and Sirius Technologies, Inc., and thus are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. No documents will be produced in response to this Request.

**DOCUMENT REQUEST NO. 10 [SIC]:**

Any documents relating to any efforts by Komag, or any person acting on Komag's behalf, to reverse engineer or otherwise reproduce any Electroless Nickel Product produced by OMG for Komag or any other person.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Subject to and without waiving the General Objections, Komag responds that no documents responsive to this Request exist.

1  **DOCUMENT REQUEST NO. 11:**

2      A physical sample of any Electroless Nickel Product that has been sold to, offered for

3  sale to, or developed on or conjunction with any person other than OMG since 1996.

4  **RESPONSE TO DOCUMENT REQUEST NO. 11:**

5      In addition to the General Objections, Komag objects to this Request to the extent that it

6  seeks information of documents concerning aspects of Komag's business and ongoing research

7  and development activities that have no bearing on the subject matter of the underlying action or

8  the dispute between Plaintiff and Sirius Technologies, Inc., and thus are neither relevant nor

9  reasonably calculated to lead to the discovery of admissible evidence. No documents will be

10  produced in response to this Request.

11  **DOCUMENT REQUEST NO. 12:**

12      All documents relating to Komag's efforts to obtain an Electroless Nickel Product from

13  someone other than OMG from 1996 to present.

14  **RESPONSE TO DOCUMENT REQUEST NO. 12:**

15      In addition to the General Objections, Komag objects to this Request to the extent that it

16  seeks information of documents concerning aspects of Komag's business and ongoing research

17  and development activities that have no bearing on the subject matter of the underlying action or

18  the dispute between Plaintiff and Sirius Technologies, Inc., and thus are neither relevant nor

19  reasonably calculated to lead to the discovery of admissible evidence. No documents will be

20  produced in response to this Request.

22  Dated: January 17, 2007

    WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation

    By: /s/ Jenny L. Dixon
        Jenny L. Dixon

    Attorneys for Third Party
    KOMAG, INCORPORATED

Obj. and Responses to Plaintiff's Subpoena Duces Tecum Directed to Komag, Inc.    -9-    3029405

# CERTIFICATE OF SERVICE BY FACSIMILE AND MAIL

I, Cherie Johnston, declare:

I am employed in the City and County of San Francisco. I am over the age of 18 years and not a party to the within action. My business address is Wilson Sonsini Goodrich & Rosati, One Market, Spear Tower, Suite 3300, San Francisco, California 94105.

I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and processing of documents for facsimile transmittal and correspondence for mailing with the United States Postal Service. In the ordinary course of business, documents would be transmitted via facsimile, and correspondence would be deposited with the United States Postal Service on this date.

On this date, I served **Objections and Responses to Plaintiff's Subpoena *Duces Tecum* Directed to Komag, Incorporated** on each person listed below, by consigning the document to a facsimile operator for transmittal and by placing the document described above in an envelope addressed as indicated below, which I sealed. I placed the envelope for collection and mailing with the United States Postal Service on this day, following ordinary business practices at Wilson Sonsini Goodrich & Rosati.

Meredith M. Wilkes, Esq.
**Jones Day**
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Fax: 216-579-0212

Stephen Elliott, Esq.
**Kaye, Scholer, LLP**
425 Park Avenue
New York, NY 10022-3598
Fax: 212-836-8689

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on January 17, 2006.

_Cherie Johnston_
Cherie Johnston

-1-

3686582_1.DOC

Certificate of Service
Case No. 6:06 CV 1184 (DNH/DEP)