# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190
TELEPHONE: 216-586-3939 • FACSIMILE: 216-579-0212

Direct Number: (216) 586-7231
mwilkes@jonesday.com

JP302273:sfs
185478-605001
CL: 1485408v1

January 23, 2007

VIA FEDERAL EXPRESS

Jenny L. Dixon, Esq.
Wilson, Sonsini, Goodrich & Rosati
One Market, Spear Tower, Suite 3300
San Francisco, California 94105

Re: OMG Fidelity, Inc. v. Sirius Technologies, Inc.

Dear Ms. Dixon:

I am in receipt of the written responses and objections to the Subpoena Duces Tecum I served on behalf of OMG Fidelity, Inc. on Komag, Inc. In light of these written responses, I am writing to you.

At the outset, please advise what, in particular, is vague about use of the word "performance" in Request No. 4 and "consideration" in Request No. 5. To be certain we receive all responsible documents, I want to clarify any ambiguity your client believes exists in these Requests.

With respect to Request Nos. 8, 11 and 12, your client has refused to produce any documents or things on the basis that it believes that these Requests are not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Perhaps your client's objections stem from a need to see the complaint. Accordingly, I am enclosing one. As you can see from the enclosed, an element of OMG's claims are that there is no one who can do what OMG does the way that OMG does it. As such, attempts to do so, and the corresponding failures of others, including that of your client, meet the threshold for discovery. Obviously, OMG will treat the materials produced in accordance with the terms of the Protective Order entered on December 18, 2006. According to your client's objections, you already have a copy of it. If you need an additional one, please let me know.

Please advise if your client is willing to withdraw the objections to Requests No. 8, 11 and 12. Barring complete production to what are obviously requests reasonably calculated to lead to the discovery of admissible evidence, OMG will have no choice but to seek the appropriate relief with the Court. My preference is to resolve this with you. To that end, please advise if you are willing to discuss the foregoing.

I look forward to hearing from you.

Sincerely,

Meredith M. Wilkes

Enclosures

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON