UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

OMG FIDELITY, INC.,

                            Plaintiff,

                   v.

SIRIUS TECHNOLOGIES, INC.,

                           Defendant.

---

**STIPULATION AND
PROTECTIVE ORDER**

Civil Action No.
6:06CV1184 (DNH/DEP)

WHEREAS, each of the parties to the above-captioned action (the "Action"), OMG

Fidelity, Inc. ("OMG") and Sirius Technologies, Inc. ("Sirius") may seek discovery or

documents, information or other materials which may contain or relate to confidential,

proprietary, or trade secret information of the other party or a third party/nonparty; and

WHEREAS, the parties desire to provide appropriate protection for such information,

consistent with the Federal and Local rules;

IT IS HEREBY STIPULATED by the parties, through counsel, that the following

Protective Order be entered in this Action to govern the disclosure and discovery of such

confidential and highly confidential information:

## CONFIDENTIAL INFORMATION DEFINED

1.    "Confidential Information" shall mean and include any document (whether in

hard copy or computer-readable form), thing, deposition or other pretrial testimony, interrogatory

answers, responses to requests for admissions and/or production, or other information provided in discovery in this Action ("Discovery Material") that contains non-public or confidential information, whether personal or business-related.

2.    Certain types of Confidential Information may be further designated as "Highly Confidential Information." The Highly Confidential Information designation shall be reserved for Confidential Information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial, technical, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations on Discovery Material ("the Designating Party") and/or would be considered highly sensitive to the Designating Party.  All such Confidential Information or Highly Confidential Information designations shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender to the party receiving the same ("Receiving Party"), or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a party may so designate a Discovery Material after such Discovery Material has been produced, with the effect that such Discovery Material is thereafter subject to the protections of this Protective Order.

2.    The designation of Discovery Material in the form of documents, things, interrogatory answers, responses to requests for admissions and/or production, or any other tangible materials (including, without limitation, CD-ROMs and tapes) other than depositions or other pretrial testimony as Confidential Information or Highly Confidential Information shall be made by the Designating Party in the following manner:

a.    "Confidential Information" Discovery Materials shall be so marked by conspicuously affixing the legend "CONFIDENTIAL INFORMATION PURSUANT TO

2

PROTECTIVE ORDER" or similar designation on each page containing any Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. On such Discovery Materials that bear a document production number, the Confidential Information legend shall be placed as near as practical to the production number.

      b.    "Highly Confidential Information" Discovery Materials shall be so marked by conspicuously affixing the legend "HIGHLY CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER" or "COUNSEL ONLY" or similar designation on each page containing any Highly Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. On such Discovery Materials that bear a document production number, the Highly Confidential Information legend shall be placed as near as practical to the production number.

      c.    If Discovery Materials bear or are given more than one designation under this Protective Order, the "Highly Confidential Information" designation controls.

    3.    All Confidential Information or Highly Confidential Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraph 2, shall be designated by the Designating Party by informing the Receiving Party of the designation in writing.

    4.    When deposition or other pretrial testimony is or contains Confidential Information or Highly Confidential Information, any attorney of record present may designate that testimony as containing Confidential Information or Highly Confidential Information by timely notifying others present. The reporter shall then so mark each page of the transcript that

1238515.1

reports designated testimony. Alternately, any attorney of record for any party may, during a thirty (30) day period after receipt of a copy of said testimony transcript, designate by page and line or exhibit description those portions of the transcript or exhibits that contain Confidential Information or Highly Confidential Information. All transcripts and exhibits from testimony taken in this Action shall be deemed to contain Highly Confidential Information for thirty (30) days after receipt of a copy of said transcript by counsel of record for the parties. Any attorney of record may also designate the entire testimony transcript of a witness as containing Confidential Information or Highly Confidential Information. If no such designation is made either on the record at the time the testimony is taken or within the time period specified above, the transcripts and exhibits shall not be deemed to contain Confidential Information or Highly Confidential Information. In the event of disagreement about the confidential status of a testimony transcript or exhibit, it shall continue to be treated as "Highly Confidential Information" or "Confidential Information," whichever protection is being sought, until this Court rules otherwise.

5. Any pleading, paper, or other document proposed to be filed in this action which contains or discloses Confidential Information or Highly Confidential Information shall be filed under seal pursuant to Civil Local Rule 83.13 or as otherwise ordered by the Court for good cause shown.

6. Confidential Information and Highly Confidential Information shall not include any Discovery Materials that:

a. have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this Action, or in other litigation, for example, as a result of legitimate business dealings between the parties,

4

unless such Discovery Materials are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party may continue to use such Discovery Materials in the course of its business subject to those agreements; or

b.    have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party or any of its authorized representatives or designees under this Protective Order. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

## NO WAIVER OF PRIVILEGE OR CONFIDENTIALITY

7.    The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall immediately notify Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the producing party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be kept by counsel for the Receiving Party and counsel shall not use such information for any purpose until further Order of the Court. The party producing such material may then move the court for an Order compelling return of the material. Any analyses, memoranda, or notes which were internally generated based upon such inadvertently-produced information shall immediately be treated in conformance with the protected nature of the information.

5

## PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION

8.      Subject to paragraphs 7 and 8 of this Protective Order, "Qualified Persons" having access to Discovery Material designated "Confidential Information" under this Protective Order, in this Action are:

a.      Jones Day and Bond, Schoeneck & King, PLLC, outside counsel of record for OMG, and its partners and employees whose duties and responsibilities require access to such materials;

b.      *KAYE SCHOLER*, outside counsel of record for Sirius, and its partners and employees whose duties and responsibilities require access to such materials;

c.      Sue A. Rilley, in-house counsel for OMG and one paralegal and one clerical/stenographic employee (of OMG or a parent entity of OMG) provided the role of the paralegal and clerical/stenographic employee is limited to providing administrative support to the designated in-house counsel for OMG. This person may be substituted for good cause shown. No in-house person for OMG who is permitted access to Sirius's highly confidential information shall, for a period continuing until two years after the final resolution of this action, participate in the substantive prosecution or preparation of patent applications related to the technology at issue. Such in-house persons may participate in the administration of patent prosecution. Administration of patent prosecution includes, but is not limited to, activities such as selection of inventions for which patent applications may be filed (*i.e.*, review and selection of invention disclosures for filing of patent applications), review and payment of outside firm bills related to patent prosecution, selection of countries for filing of applications, and approval of

1238515.1

continued prosecution such as filing of continuations of applications provided there is no participation in the substance or content of the continued prosecution.

      d.      _____, in-house counsel for Sirius and one paralegal and one clerical/stenographic employee (of Sirius or a parent entity of Sirius) provided the role of the paralegal and clerical/stenographic employee is limited to providing administrative support to the designated in-house counsel for Sirius. This person may be substituted for good cause shown. No in-house person for Sirius who is permitted access to OMG's highly confidential information shall, for a period continuing until two years after the final resolution of this action, participate in the substantive prosecution or preparation of patent applications related to the technology at issue. In-house persons may participate in the administration of patent prosecution. Administration of patent prosecution includes, but is not limited to, activities such as selection of inventions for which patent applications may be filed (*i.e.*, review and selection of invention disclosures for filing of patent applications), review and payment of outside firm bills related to patent prosecution, selection of countries for filing of applications, and approval of continued prosecution such as filing of continuations of applications provided there is no participation in the substance or content of the continued prosecution.

      e.      For OMG, a total of 2 in-house employees other than the in-house counsel identified in paragraph 6(c), and for Sirius, a total of 2 in-house employees other than the in-house counsel identified in paragraph 8(d), with no more than 4 employees from a single party, who have responsibility for maintaining, defending, or evaluating this litigation. The parties to this Action may substitute in-house employees for good cause shown.

1238515.1

      f.      Retained independent consultants, vendors, or experts (and their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) for OMG or for Sirius who are neither current or previous employees of any party to this litigation nor persons with current or previous business, financial, or technical relationships with any party of this litigation. Notwithstanding, this section shall not exclude such persons whose only other current or previous relationship with a party is/was limited *to* the context of a retained consulting and/or testifying expert in a legal proceeding.

      g.      The Court, Court personnel, translators, and stenographic and video reporters engaged in proceedings incident to this Action; and

      h.      Outside document copying services (e.g., Ikon, Xerox), and/or document coding, computerization or translating services *(e.g.,* Kroll). Notwithstanding any other provision of this Protective Order, access to Confidential Information or Highly Confidential Information documents shall be permitted to such vendors, without need for inclusion on Exhibit A or execution of Exhibit B. The outside counsel providing Confidential Information or Highly Confidential Information documents to outside document copying services or document coding, computerization or translating services shall be responsible for overseeing that service's compliance with the provisions of this Protective Order.

    9.      Any Highly Confidential Information designated under this Protective Order shall be treated the same as Confidential Information, with the following exceptions:

      a.      Access by Qualified Persons under paragraph 8(f) of this Protective Order shall be restricted to such retained independent consultants, vendors, or experts (and their

1238515.1

staff, stenographic, and clerical employees whose duties and responsibilities require access to material designated as Confidential Information or Highly Confidential Information) who have complied with the provisions of paragraph 8.

      B.    Qualified Persons under paragraph 8(e) of this Protective Order shall not be allowed access to any information designated Highly Confidential Information.

10.    Qualified Persons under paragraph 8(f) shall be allowed access to Confidential Information and/or Highly Confidential Information, as limited by paragraph 9 of this Protective Order, only after complying with the following procedure:

      a.    Each party shall prepare a written list, in the form of Exhibit A hereto, setting forth the name of the person, his or her occupation, and business address, for each person described in paragraph 8(f) who reviews or is given access to Confidential Information or Highly Confidential Information, and each person described in paragraph 8(e) who is given access to Confidential Information. The parties to this Action shall be allowed to disclose Confidential Information or Highly Confidential Information to such persons unless, within seven (7) business days after the identity of the person and a curriculum vitae of the person has been provided to the Designating Party, the Designating Party objects to the disclosure of Confidential Information or Highly Confidential Information to the person. If objection to disclosure is made within seven (7) business days, the objecting party shall, no later than five (5) business days after objection, petition the Court for an order prohibiting the disclosure at issue. The objecting party shall have the burden of persuasion that disclosure should not be made. If an objection is made, neither Confidential Information nor Highly Confidential Information shall be made available to the person until after the Court rules that

1238515.1

disclosure can be made, so long as the objection is followed by a timely petition.

      b.    Before receiving any Confidential Information or Highly Confidential Information, the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the acknowledgment form attached hereto as Exhibit B, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order. In-house attorneys authorized to receive Confidential Information shall not be required to execute the acknowledgment form, but shall otherwise be bound by its terms.

      c.    Outside counsel for each Receiving Party shall retain a copy of each such written list (Exhibit A) and acknowledgment form (Exhibit B), and shall serve opposing counsel with a copy of such documents and each revision of such documents.

11.    Nothing shall prevent outside counsel from giving legal advice to their clients based on Confidential Information that is designated as Confidential Information or Highly Confidential Information pursuant to this Protective Order, provided that the substance of such Confidential Information or Highly Confidential Information is not disclosed to their clients.

## PROTECTION OF FORMULATION INFORMATION

12.    The parties anticipate that discovery in this case may include information relating to the formulations of electroless nickel products sold, offered for sale or under development by a party. This includes but is not limited to electroless nickel products and other products used as part of an electroless nickel plating process (e.g., pretreatments) made, sold or offered for sale by, for or on behalf of a party. The information may include such products in their physical, tangible form (as offered for sale, or some stage of production or development), and documents

10

embodying information about the formulation of such products (*e.g.,* formula cards, procedures for preparing the products). To the extent that such information is sought, the party from whom such information is requested may, at its option, employ the additional protections provided by this paragraph for the production of such information (hereinafter "Highly Confidential Formulation Information"). Information may be designated as Highly Confidential Formulation Information using similar procedures to those discussed in paragraphs 2 and 3. Unless contradicted by provisions in this paragraph 12, the other provisions of this protective order (*i.e.,* paragraphs 4-7, 13-19, 22-26) apply to Highly Confidential Formulation Information as to Confidential Information and Highly Confidential Information.

      a.     Highly Confidential Formulation Information may be disclosed only to four (4) outside counsel attorneys for the opposing party as listed in paragraph 8(a) or 8(b) and two (2) independent consultants, vendors, or experts for the opposing party as listed in paragraph 8(f).

      b.     The parties to this Action shall not be allowed to disclose Highly Confidential Formulation Information to the two independent consultants, vendors, or experts for the opposing party as listed in paragraph 8(f) persons unless, within ten (10) business days after the identity of the person and a curriculum vitae of the person has been provided to the Designating Party, the Designating Party objects to the disclosure of Highly Confidential Formulation Information. If objection to disclosure is made within ten (10) business days, the objecting party shall, no later than five (5) business days after objection, petition the Court for an order prohibiting the disclosure at issue. The objecting party shall have the burden of persuasion that disclosure should not be made. If an objection is made, Highly Confidential Formulation Information shall not be made

11

available to the person until after the Court rules that disclosure can be made, so long as the objection is followed by a timely petition.

        c.      Highly Confidential Formulation Information shall not be disclosed to in-house counsel as listed in paragraphs 8(c) and 8(d). However, reports prepared by an independent consultant, vendor or expert as listed in paragraph 8(f) (and as has complied with the provisions of paragraph 12(b)) can be reviewed by in-house counsel as listed in paragraphs 8(c) and 8(d). To the extent such reports attach copies of documents designated Highly Confidential Formulation Information or excerpt major portions of such documents, those documents and portions shall be redacted prior to the report being disclosed to such in-house counsel.

### CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

        13.     The failure of a party, at the time it receives Discovery Materials designated as Confidential Information or Highly Confidential Information, to challenge or object to the Confidential Information or Highly Confidential Information designations shall not be deemed a waiver of its right to challenge or object to the Confidential Information or Highly Confidential Information designations at any later time. Any party may at any time challenge the designation of any Discovery Materials as Confidential Information or Highly Confidential Information and may request permission to use or disclose information with Confidential Information or Highly Confidential Information designations other than as permitted, pursuant to this paragraph by serving (by facsimile transmission) a written request upon counsel for the Designating Party at least ten (10) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the facsimile is transmitted. Such request shall specifically identify the Confidential Information or Highly Confidential Information,

12

including any document production number, sought to be disclosed and the name, title, and function of the person to whom disclosure is desired to be made. The Designating Party shall thereafter respond to the request in writing within ten (10) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, then the matter may be submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

14.    Notwithstanding any default provisions of this Protective Order providing for confidential treatment, in the event of disagreement, the party objecting to a confidential designation shall have the burden of proving that the information at issue is not entitled to the designated protection of this Protective Order.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

15.    Confidential Information, Highly Confidential Information, and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party and its authorized representative or designees under this Protective Order solely for the purpose of this Action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than as permitted by this Protective Order. Any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information in order to ensure that the confidential or highly confidential nature of the same is maintained. Any Highly Confidential Information retained by Qualified Persons under paragraphs 8(b) or 8(c)

13

shall be maintained in a locked cabinet in the office of such person when not being reviewed. Outside counsel for each Receiving Party shall be responsible for overseeing that party's compliance with this Protective Order.

16.    If Confidential Information or Highly Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Confidential Information or Highly Confidential Information and make every reasonable effort to retrieve such Confidential Information or Highly Confidential Information and to prevent further disclosure.

17.    When Confidential Information or Highly Confidential Information is expected to be discussed, quoted, referred to, or otherwise disclosed in any deposition or other pretrial testimony any party expecting such disclosure shall ensure that only persons permitted by paragraphs 8-10 of this Protective Order have access to such information are present. The use of any such Confidential Information or Highly Confidential Information for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.

18.    During the course of preparing for a deposition or testimony, a witness may be shown Confidential Information or Highly Confidential Information documents which on their face reveal that they were authored or received in the normal course of business by the witness.

19.    Entering into, agreeing to and/or producing or receiving Confidential Information or Highly Confidential Information or otherwise complying with the terms of this Protective Order shall not:

        a.    operate as an admission by any party that any Discovery Material

14

designated as Confidential Information or Highly Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

     b.     prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information or Highly Confidential Information;

     c.     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

     d.     prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information or Highly Confidential Information should be subject to the terms of this Protective Order,

     e.     prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information or Highly Confidential Information;

     f.     prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information or Highly Confidential Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

     g.     prevent any Designating Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery

15

Material designated as Confidential Information or Highly Confidential Information by that party.

## NONPARTY USE OF THIS PROTECTIVE ORDER

20.    A nonparty producing Confidential Information or Highly Confidential Information voluntarily or pursuant to a subpoena or court order may designate such information using the designations available under this Protective Order. A nonparty's use of this Protective Order to protect its Confidential Information or Highly Confidential Information does not entitle that nonparty access to Confidential Information or Highly Confidential Information produced by any other entity (whether party or nonparty) in this case except as otherwise provided herein.

21. In the event that a party reasonably believes that, due to a confidentiality obligation owed to a nonparty, it cannot produce certain information ("Restricted Information") in this action, said party shall within seven (7) days of discovering such obligation: (a) provide written notification to the nonparty that the Restricted Information is subject to disclosure in this action, with a copy to each opposing party and (b) provide the nonparty with a copy of this Order. The nonparty shall then have ten (10) days from the sending of such notice to the nonparty to confer with the parties and, if a resolution is not reached, to file before the Court in this action a motion seeking a protective order against the disclosure of the Restricted Information. If the nonparty does not file such a motion within the ten (10) day period, then all of its objections are waived and the entity holding the Restricted Information shall immediately produce it as Confidential Information.

## MISCELLANEOUS

22.    All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received

16

information under this Protective Order, after the conclusion of this action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing. Any and all originals and copies of Discovery Materials designated Confidential Information or Highly Confidential Information, shall, at the request of the producing party, be returned to the party within sixty (60) days after a final judgment herein or settlement of this Action or, at the option of the producing party, destroyed in that time frame, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition or other testimony transcript together with the exhibits marked at the deposition or other testimony, and documents constituting work product which were internally generated based upon or which include Confidential Information or Highly Confidential Information. In the event that outside counsel maintains such documents, it shall not disclose material containing any type of Confidential Information or Highly Confidential Information to another party absent subpoena or court order. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the producing party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

23.    Any violation of the terms of this Protective Order shall be punishable by proven money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

24.    Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

25.    Discovery Material produced by third parties may be designated by them as

17

confidential pursuant to the terms of this Protective Order and, when so designated, shall be treated by the parties in conformance with this Protective Order.

26.    The United States District Court for the Northern District of New York, Utica Division, ("the Court") is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Confidential Information and Highly Confidential Information produced under the protection of this Protective Order shall be resolved by the Court. The Court retains jurisdiction even after settlement, termination or entry of judgment in this action to enforce the terms of this Protective Order and to amend this Order as the Court deems appropriate.

STIPULATED AND AGREED TO BY:

DATED: _December 1, 2006_                    DATED: _November 17, 2006_

KAYE, SCHOLER, LLP                           BOND, SCHOENECK & KING, PLLC

By: _____                  By: _____
        John P. Howley                                Jonathan B. Fellows
        Bar Roll Number: 502448                       Bar Roll Number: 101628
Attorneys for                                Attorneys for
Sirius Technology, Inc.                      OMG Fidelity, Inc.

SO ORDERED this _18th_ day of _Dec._, 2006:  _____
                                             Hon. David E. Peebles
                                             United States Magistrate Judge

18

1238515.1

<u>**EXHIBIT A**</u>

**LIST OF QUALIFIED PERSONS**
**(paragraphs 8(f)**

| NAME | BUSINESS ADDRESS | OCCUPATION/ TITLE | GOVERNING PARAGRAPH | DATE IDENTIFIED |
|------|------------------|-------------------|---------------------|-----------------|
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |

1238515.1

## **EXHIBIT B**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

OMG FIDELITY, INC.,

                          Plaintiff,

            v.

SIRIUS TECHNOLOGIES, INC.,

                        Defendant.

**CERTIFICATION
PURSUANT TO
PROTECTIVE ORDER**

Civil Action No.
6:06CV1184 (DNH/DEP)

---

       I hereby certify (i) my understanding that Discovery Material and/or Confidential

Information and/or Highly Confidential Information are being provided to me pursuant to the

terms and restrictions of the Protective Order (the "Order") entered by the United States District

Court for the District of New York (the "District Court") in this Action, and (ii) that I have read

the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I

hereby submit to the jurisdiction of the District Court for purposes of enforcement of the Order.

I understand that violation of the Order may be punishable by contempt of Court.

       DATED:          _____

       SIGNATURE:   _____

       NAME:          _____

       ADDRESS:     _____

1238515.1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JAN 31 2007

LAWRENCE K. BAERMAN, Clerk
UTICA

OMG FIDELITY, INC.,

         Plaintiff,

   vs.

SIRIUS TECHNOLOGIES, INC.,

         Defendant.

Civil Action No. 6:06CV1184 (DNH/DEP)

## STIPULATION AND _____ ORDER REVISING PROTECTIVE ORDER

    WHEREAS the parties have agreed to the following revision to the Stipulation and Protective Order entered by the Court on December 18, 2006 (the "Protective Order");

    IT IS HEREBY STIPULATED that the following paragraph shall be added to the Protective Order as paragraph 8(i):

        "i.    For OMG, Robert Andre and for Sirius, Al Ruffini. These individuals have agreed that they have read and will abide by the terms of this Protective Order, and that they will not use any information disclosed to them pursuant to this Protective Order for any purpose other than the above-captioned litigation."

## STIPULATED AND AGREED TO BY:

Date: ___1/29/07___

KAYE SCHOLER, LLP

By: _Stephen J Elliott/ss_
Stephen J Elliott
Bar Roll Number: 514171
Attorneys for Sirius Technology, Inc.

Date: ___1/26/07___

JONES DAY

By: _____
Meredith M. Wilkes
Bar Roll Number: 514206
Attorneys for OMG Fidelity, Inc.

SO ORDERED this 30th day of January, 2007: _____
Judge David N. Hurd
United States District Judge

Utica, N.Y.

1487153_1.DOC

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMG FIDELITY, INC., | |
| Plaintiff, | |
| vs. | Civil Action No. 6:06CV1184 (DNH/DEP) |
| SIRIUS TECHNOLOGIES, INC., | |
| Defendant. | |

## SECOND STIPULATION AND PROPOSED ORDER
## REVISING PROTECTIVE ORDER

WHEREAS the parties have agreed to the following revision to the Stipulation and Protective Order entered by the Court on December 18, 2006 (the "Protective Order");

IT IS HEREBY STIPULATED that paragraphs 12(a) and (b) of the Protective Order shall be amended to read as follows:

"a.  Highly Confidential Formulation Information may be disclosed to outside counsel for the opposing party as listed in paragraph 8(a) or 8(b); six (6) independent consultants, vendors, or experts for the opposing party as listed in paragraph 8(f); and for OMG, Robert Andre and for Sirius, Al Ruffini as listed in paragraph 8(i).

b.  The parties to this Action shall not be allowed to disclose Highly Confidential Formulation Information to the six independent consultants, vendors, or experts for the opposing party as listed in paragraph 8(f) persons until the Designating Party has identified the person and provided a curriculum vitae of the person to whom Highly Confidential Information will be disclosed. The receiving party shall have ten (10) business days to object to such disclosure of Highly Confidential Formulation Information. If no such objection is made, the Designating Party may disclose Highly Confidential Information. If objection to disclosure is made within ten (10) business days, no such disclosure can be made and the objecting party shall, no later than five (5) business days after objection, petition the Court for an order prohibiting the disclosure. The objecting party shall have the burden of persuasion that disclosure should not be made. If an objection is made, Highly Confidential Formulation Information shall not be made available to the person until after the Court rules that disclosure can be made, so long as the objection is followed by a timely petition."

**STIPULATED AND AGREED TO BY:**

Date: _April 24, 2007_          Date: _23 April 2007_

KAYE SCHOLER, LLP          JONES DAY

By: _[signature]_          By: _[signature]_
    Stephen J Elliott              Meredith M. Wilkes
    Bar Roll Number: 514171              Bar Roll Number: 514206
    Attorneys for Sirius Technology, Inc.              Attorneys for OMG Fidelity, Inc.

**SO ORDERED** this _26th_ day of _April_ , 2007: _[signature]_
                                         Judge David E. Peebles
                                       United States Magistrate Judge