**WSGR** Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
PHONE 415.947.2000
FAX 415.947.2099

www.wsgr.com

January 24, 2007

**VIA FACSIMILE AND U.S. MAIL**
Meredith M. Wilkes
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114

Re: *OMG Fidelity, Inc. v. Sirius Technologies, Inc.* **Third Party Subpoena**

Dear Meredith:

I am in receipt of your letter dated January 23, 2007 and write to address the issues you raised therein.

You have asked that Komag explain the basis for its objection to the words "performance" and "consideration" in connection with Document Request Nos. 4 & 5. OMG did not define the term "performance," and thus, Komag is forced to speculate as to what OMG is seeking. The same is true for the term "consideration." Given the potential for differing interpretations, Komag has preserved its objections to terms that are not defined. That said, at present Komag intends to apply an ordinary, common sense interpretation and produce responsive documents, if any. If you would like to clarify what OMG meant by these terms, please feel free to do so.

Komag strongly disagrees with your contention with respect to Document Request Nos. 8, 11, and 12 and stands by its objections. OMG has no right to seek discovery from third party Komag concerning its dealings with unrelated third parties. Non-public material from third parties concerning any electroless nickel products is not relevant to OMG's claims against Sirius. Such documents and information have no bearing on OMG's dispute with its former employee, which appears to form the basis for its trade secret claims against Sirius.

OMG's contention that such information is necessary to show that its processes are unique is legally incorrect. As a trade secret plaintiff, OMG's burden is to prove that the information at issue is a trade secret – which means a comparison of the claimed secrets against generally known information that has been published or disclosed in marketed products. It does not require a comparison of the claimed trade secrets against the non-public information of third parties. If that were the case, trade secret plaintiffs would issue subpoenas to third party

C:\NrPortbl\PALIB1\CAJ\3038322_1.DOC

PALO ALTO   AUSTIN   NEW YORK   RESTON   SALT LAKE CITY   SAN DIEGO   SAN FRANCISCO   SEATTLE

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Meredith M. Wilkes
January 24, 2007
Page 2

competitors in every lawsuit to see how similar the third parties' information is – and that is not the law. Indeed, it is black letter law that more than one company could have a trade secret in the exact same information if neither had ever disclosed it, even if neither company knew about the other; thus, a third party's *non-public* information is irrelevant to a trade secret case regardless of whether it is similar to that of the plaintiff or not. Komag also has contractual obligations to third parties under non-disclosure agreements. Komag's contractual obligations to preserve confidential information would clearly outweigh OMG's purported need for such information.

If you would like to discuss this further, please let me know.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Jenny L. Dixon

C:\NrPortbl\PALIB1\CAJ\3038322_1.DOC (2417)