

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
PHONE 415.947.2000
FAX 415.947.2099
www.wsgr.com

March 6, 2007

**VIA FACSIMILE AND U.S. MAIL**
Meredith M. Wilkes
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114

Re:   *OMG Fidelity, Inc. v. Sirius Technologies, Inc.* Third Party Subpoena

Dear Ms. Wilkes:

I am in receipt of your letter dated March 5, 2007 and write to respond.

To address your characterization of our ongoing discussions concerning the timing and status of Komag's document production, I believe a review of the facts is helpful. The subpoena served upon Komag gave it less than two weeks to produce documents in response to a subpoena calling for extremely broad categories of documents—including highly confidential, technical documents. In our initial conversation, I alerted you to the fact that Komag was searching for documents from entities located abroad. We agreed upon an extension of time for production of documents until February 7, 2007, however, we also agreed that should this production date become problematic given the need to obtain documents from abroad, further extensions of time may be appropriate.

On February 1, 2007, we discussed the status of Komag's document collection. I advised you that obtaining documents from abroad was proving time consuming. We agreed that I would provide you with an update the following week. I did so on February 15, 2007. In our conversation, I informed you that I had received some documents from my client and expected to receive more. I advised you that Komag would produce documents by March 15, 2007. Incidentally, I also advised you that I had been ill and was still out of the office as a result.

In our conversation on March 1, 2007, I stated that the review of Komag's documents was underway, but time consuming given the technical nature of the documents. I agreed to start a rolling production and reiterated that Komag's document production would be complete by March 15, 2007.

In this call, we also discussed the issue of providing physical samples of the Sirius chemistry at issue in the underlying litigation. Because the Sirius chemistry has chemical components that are classified as hazardous materials, which makes transportation to the United

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Meredith M. Wilkes
March 6, 2007
Page 2

States difficult, I attempted to have a dialogue with you as to how to minimize the burden on third party Komag. I pointed out that samples of the Sirius chemistry could be obtained from Sirius. You were unwilling to discuss any potential means to minimize the burden to Komag. As a result, Komag will prepare samples of the concentrates from Sirius it is presently using for shipment to the United States. I am informed that the only means of transporting such materials is via ocean freight, which takes approximately four weeks.

Komag continues to stand by its objections with respect to providing samples of chemistry that is unrelated to Sirius. I direct you to our prior correspondence on this issue.

If you have any questions, please contact me.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Jenny J. Dixon
Jenny L. Dixon

cc:   Stephen J. Elliott

C:\NrPortbl\PALIB1\CAJ\3069228_1.DOC (2514)