# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190
TELEPHONE: 216-586-3939 • FACSIMILE: 216-579-0212

April 16, 2007

JP302273:sfs
185478-605001
CL: 1507223v1

Direct Number: (216) 586-7231
mwilkes@jonesday.com

**VIA FACSIMILE – 415-947-2099**

Jenny L. Dixon, Esq.
Wilson, Sonsini, Goodrich & Rosati
One Market, Spear Tower, Suite 3300
San Francisco, California 94105

        Re:    <u>OMG Fidelity, Inc. v. Sirius Technologies, Inc.</u>

Dear Ms. Dixon:

      I am in receipt of your letter dated April 4, 2007. At the outset, please be advised that pursuant to an agreement with Sirius, the formulae samples your client will be producing in response to the January, 2007 subpoena should be directed to a third-party laboratory, and not the Jones Day office located in Silicon Valley. As you have stated, the materials are hazardous and need to be properly maintained. Accordingly, under separate cover, we will provide you with the name and address of the appropriate laboratory and custodian. Of course, we will absorb the shipping costs associated with the delivery to the laboratory.

      Your client's refusal to produce responsive documents and things relating to its efforts to source electroless nickel from entities other than my client on the basis that this material is not relevant will be dealt with appropriately. As I have previously mentioned, your client's success rate, or lack thereof, has a direct bearing on essential elements of OMG's trade secret, unfair competition and related claims in this litigation. OMG is entitled to this discovery and will obtain it.

      Finally, your client's reliance on Rule 45(b) of the Federal Rules of Civil Procedure, which permits the production of documents as they are kept in the ordinary course of business, is tenuous, at best. Unless it is standard operating procedure at Komag for emails to be printed and then commingled randomly and stored in boxes without file folders, or any other way in which to identify the custodian and contents of the paper, or the boxes in which they are kept, your client's production has not complied with the requirements imposed by Rule 45. In light of the foregoing, I renew my request for a designation, by bates number, to the respective categories set forth in the Subpoena. If I do not have a complete response to the subpoena, including the foregoing information, as well as your client's log, by the close of business on April 20, 2007, my client will have no choice but to seek the assistance of the Court. My client will be seeking the costs and fees associated with those efforts from your client. To that end, Magistrate Judge Peebles has advised the parties that he will hear any third-party discovery dispute on an expedited basis and will waive personal appearances so as to resolve discovery disputes in a cost-effective manner. Please advise if you consent to Judge Peebles' jurisdiction for all matters relating to the Subpoena.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Jenny L. Dixon, Esq.
April 16, 2007
Page 2

    I look forward to hearing from you.

                                                Sincerely,

                                                Meredith M. Wilkes