**WSGR  Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105-1126

PHONE 415.947.2000
FAX 415.947.2099

www.wsgr.com

May 7, 2007

**VIA FACSIMILE**
Meredith M. Wilkes
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114

      Re:    *OMG Fidelity, Inc. v. Sirius Technologies, Inc.* **Third Party Subpoena**

Dear Meredith:

      I am in receipt of your letter dated May 1, 2007 and write to address Komag's objection to providing third party samples and documents in response to Document Request Nos. 11, and 12.

      OMG contends that information concerning Komag's use of electroless nickel product from sources other than OMG or Sirius is relevant to OMG's claims for misappropriation of trade secrets against Sirius. Komag continues to disagree with this contention.

      As I explained in my letter dated January 24, 2007, OMG's contention that such information is necessary is legally incorrect. As a trade secret plaintiff, OMG's burden is to prove that the information at issue is a trade secret – which means a comparison of the claimed secrets against generally known information that has been published or disclosed in marketed products. It does not require a comparison of the claimed trade secrets against the non-public information of third parties. If that were the case, trade secret plaintiffs would issue subpoenas to third party competitors in every lawsuit to see how similar the third parties' information is – and that is not the law. Indeed, it is black letter law that more than one company could have a trade secret in the exact same information if neither had ever disclosed it, even if neither company knew about the other; thus, a third party's *non-public* information is irrelevant to a trade secret case regardless of whether it is similar to that of the plaintiff or not.

C:\NrPortbl\PALIB1\JDI\3113056_1.DOC

PALO ALTO   AUSTIN   KIRKLAND   NEW YORK   RESTON   SALT LAKE CITY   SAN FRANCISCO

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Meredith M. Wilkes
May 7, 2007
Page 2

      You did not respond substantively to my January 24, 2007 letter. If you would like to discuss this matter further, I am happy to do so. To facilitate that discussion, please provide the legal authority upon which OMG bases its contention that the samples and documents it seeks bear upon its claims against Sirius.

      Sincerely,

      WILSON SONSINI GOODRICH & ROSATI
      Professional Corporation

      Jenny L. Dixon

cc    John Howley, Esq.