1  TERRY T. JOHNSON, State Bar No. 121569
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
   650 Page Mill Road
3  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
4  Facsimile:   (650) 565-5100
   Email: tjohnson@wsgr.com
5
   JENNY L. DIXON, State Bar No. 192638
6  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
7  One Market, Spear Tower, Suite 3300
   San Francisco, CA  94105
8  Telephone: (415) 947-2000
   Facsimile:   (415) 947-2099
9  Email: jldixon@wsgr.com

10 Attorneys for Defendant
   KOMAG, INC.
11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OMG FIDELITY, INC., | CASE NO.: 07-mc-80121 (RMW) Misc |
| Plaintiff, | [Civil Action No. 6:06cv1184 (DNH/DEP in the U.S.D.C., N.D.N.Y.] |
| v. | **DECLARATION OF JENNY L. DIXON IN SUPPORT OF KOMAG'S OPPOSITION TO OMG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS PURSUANT TO THIRD PARTY SUBPOENA** |
| KOMAG, INC., | |
| Defendant. | |
| | Date: June 13, 2007 |
| | Time: 9:30 a.m. |
| | Before: Magistrate Judge Seeborg |
| | Location: Courtroom #4, 5th Floor |

DECL. OF JENNY L. DIXON ISO KOMAG'S OPP TO MOTION TO COMPEL

C:\NrPortbl\PALIB1\CAJ\3120134_1.DOC

I, Jenny L. Dixon, declare:

1. I am an attorney with the law firm of Wilson Sonsini Goodrich & Rosati, a Professional Corporation, counsel of record for Defendant Komag Incorporated. I make this declaration in support of Komag's Opposition to OMG Fidelity, Inc.'s Motion to Compel Production of Documents and Things Pursuant to Third Party Subpoena. I have personal knowledge of the facts set forth herein, and if called to testify, could and would testify competently thereto.

2. On January 3, 2007, OMG served non-party Komag with a subpoena seeking broad categories of documents and things issued out of the Northern District of California. On January 12, 2007, I spoke with OMG's counsel, Meredith Wilkes of Jones Day. I advised her that Komag would need additional time to produce documents given the fact that the bulk of responsive material was in Malaysia. We agreed that I would keep Ms. Wilkes advised of the status of Komag's overseas document collection efforts.

3. Rather than battle with OMG to narrow its incredibly broad documents requests, non-party Komag agreed to produce all non-privileged, responsive documents for the majority of the requests. To date, Komag has produced approximately 17,342 pages of documents and 10 different samples of the electroless nickel chemistry that was formulated in conjunction with Sirius. Komag has expended time and resources and incurred substantial expenses in responding to OMG's subpoena.

4. Shortly after Komag served its written responses and objections to the OMG subpoena, I received a letter dated January 23, 2007 from Ms. Wilkes concerning Komag's objections to Request Nos. 8, 11, and 12. I responded to her letter on January 24, 2007 explaining that Komag objected to providing documents from "unrelated third parties" in response to these requests.

5. On February 1, 2007, Ms. Wilkes and I had a telephone conversation in which we had a further discussion of this issue. In the course of this conversation, I realized that there was some confusion concerning the written responses and objections because Komag intended to produce any documents related to Sirius that were responsive to Requests 8, 11, and 12. I

1  indicated to Ms. Wilkes that I would review Komag's written responses and confirm Komag's
2  intentions. By letter dated February 5, 2007, I confirmed to Ms. Wilkes that Komag would be
3  producing documents responsive to Requests 8, 11, and 12 relating to Sirius only.

4        6.      OMG has yet to identify with any specificity the alleged trade secrets it claims
5  Sirius has misappropriated. Attached hereto as Exhibit A is a true and correct copy of a letter
6  from John J.P. Howley of Kaye Scholer LLP to United States Magistrate Judge the Honorable
7  David E. Peebles dated April 26, 2007, that was filed in the New York Court, regarding Sirius
8  Technologies Inc. ("Sirius") Objections to OMG's request for three-month discovery schedule
9  delay.

10        7.      Attached hereto as Exhibit B is a true and correct copy of a letter from Meredith
11  M. Wilkes of Jones Day to United States Magistrate Judge the Honorable David E. Peebles dated
12  April 27, 2007, that was filed in the New York Court, regarding OMG's premised request on the
13  need to obtain the discovery from Komag at issue in this Motion.

14        8.      Attached hereto as Exhibit C is a true and correct copy of a letter from John J.P.
15  Howley of Kaye Scholer LLP to United States Magistrate Judge the Honorable David E. Peebles
16  dated April 30, 2007, that was filed in the New York Court, regarding Objections to OMG's
17  request for four-month discovery schedule delay. The letter notes that, in response to
18  interrogatories seeking the identification of the trade secrets alleged to have been
19  misappropriated OMG "referred [Sirius] to 25,749 pages of documents, without explanation, and
20  to a laundry list of numerous chemical components and process steps involved in electroless
21  nickel".

22        9.      Attached hereto as Exhibit D is a true and correct copy of the New York Court
23  ruling dated May 7, 2007.

24       I declare under penalty of perjury under the laws of the State of California that the
25  foregoing is true and correct of my own personal knowledge, and that this declaration is executed
26  the 23th day of May 2007 at San Francisco, California

27

28                            /s/ Jenny L. Dixon
                              Jenny L. Dixon