# EXHIBIT A

Case 5:07-mc-80121-RMW    Document 7-2    Filed 05/23/2007    Page 1 of 4

# KAYE SCHOLER LLP

John J.P. Howley
212 836-8311
Fax 212 836-6611
jhowley@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

April 26, 2007

Hon. David E. Peebles
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7345
Syracuse, NY 13261-7345

        Re: OMB Fidelity, Inc. v. Sirius Technologies, Inc.
           Civ. No. 6:06CV1184 (DNH/DEP)

Dear Judge Peebles:

      We write on behalf of defendant Sirius Technology Inc. to request a telephone or in-person conference at the Court's earliest convenience to discuss plaintiff OMG's extraordinary request for a three-month delay in the discovery schedule.

      Plaintiff's request for a three-month delay (copy attached) comes on the eve of plaintiff's May 2 deadline to serve expert reports that will finally identify any alleged trade secrets at issue in this case. It comes after plaintiff repeatedly represented to this Court, including at conferences on March 1 and March 13, that it would have no problem complying with the May 2 deadline for serving expert reports.

      We respectfully request this conference because the further delay OMG seeks in resolving this case would have devastatingly prejudicial effects on defendant. Although plaintiff has not yet identified a single trade secret supposedly misappropriated by defendant, the mere existence of this lawsuit has cast a cloud over defendant's small business, and the mounting costs of the proceedings -- which OMG is now seeking to prolong further -- threaten its very existence.

      At the outset of this case, plaintiff conceded that it did not have any evidence of misappropriation other than a surmise that defendant "must have" misappropriated trade secrets because it was successfully competing with plaintiff. Defendant has since produced all documents concerning its formulas and all physical samples of its chemistries requested by plaintiff. The requested documents concerning formulas were produced by the end of February, and the physical samples were produced on March 5. Yet, today, six months after the action was commenced, plaintiff still is unable to identify any trade secrets that allegedly were

# KAYE SCHOLER LLP

Hon. David E. Peebles             2             April 26, 2007

misappropriated – and plaintiff claims that it cannot even produce its expert's report directed at this issue for another three months.

       Plaintiff's alleged need for third-party discovery from a mutual customer, Komag, is belied by its own actions. Plaintiff has known about Komag's objections to its subpoena since before the January 25, 2007 conference call with the Court, when plaintiff said it was contemplating a motion to compel in the Northern District of California. Plaintiff never took any such action. Instead, in subsequent conferences with the Court on March 1 and March 13, 2007, plaintiff's counsel represented to the Court that they were on track to serve their expert reports by May 2.

       If, by this late date, plaintiff is still not able to produce an expert's report identifying the trade secrets allegedly misappropriated by defendant, then there is no good faith basis for it to continue this lawsuit. We therefore request a conference at the Court's earliest convenience to ensure compliance with the scheduling order, including but not limited to the May 2 deadline for plaintiff's expert reports.

Respectfully,

John J.P. Howley

JJPH/nmf

cc:    Meredith Wilkes, Esq. (By Fax)
        Jonathan Fellows, Esq. (By Fax)



"Meredith M. Wilkes"
&lt;mwilkes@JonesDay.com&gt;

04/23/2007 11:05 AM

To  selliott@kayescholer.com

cc

bcc

Subject  OMG v. Sirius

History:    🖃 This message has been replied to and forwarded.

Dear Steve:

As a follow up to my discussion with Judge Peebles' law clerk, and our subsequent discussion, I attach the modified stipulation for the protective order. I am also sending a signed version so that if the attached is acceptable, you can get it filed without delay.

On a related note, I propose moving the scheduling order out 90 days for each of the deadlines. We may need more time and in light of Komag's refusal to consent to Judge Peebles' jurisdiction, until we get that matter heard and get the balance of the samples, we do not yet know. If you do not have any objection to the 90 days, please let me know and we will get that stipulation on file this week, as well.

Should you have any questions, please do not hesitate to contact me.

Meredith


Meredith M. Wilkes
Jones Day
216-586-7231

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

 

NETSC626.PDF  CLI_1510676_1_Second Modified Stipulation and Proposed Order Revising Protective Order.DOC