# EXHIBIT B

# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190
TELEPHONE: 216-586-3939 • FACSIMILE: 216-579-0212

Direct Number: (216) 586-7231
mwilkes@jonesday.com

JP302273:cmg
185478-605001

April 27, 2007

**VIA ELECTRONIC FILING**

Honorable David E. Peebles
United States Magistrate Judge
U.S. District Court
100 S. Clinton Street
P.O. Box 7367
Syracuse, New York 13261-7367

      Re:   *OMG Fidelity, Inc. v. Sirius Technologies, Inc.*
            Case No. 6:06CV1184 (DNH-DEP)

Dear Judge Peebles:

    I am writing to you on behalf of Plaintiff, OMG Fidelity, Inc. ("OMG") in the above-referenced matter. We are in receipt of the letter Motion filed yesterday by Sirius Technologies, Inc. ("Sirius") and agree that a conference is necessary. OMG was preparing its own request when it received notice of Defendant's electronic filing to you.

    Contrary to Defendants' representation, OMG has been working diligently with Komag to obtain formulae and documents in response to the Subpoena it served in January, 2007. Sirius' characterization of OMG's position at the scheduling conference with the court is wrong. Indeed, OMG alerted the court to the possibility that there could be a problem with Komag at which time this court volunteered to expeditiously resolve and resulting discovery dispute. Unfortunately, OMG learned this week that Komag is forcing OMG to bring the matter to California to get its discovery objections resolved. As soon as it so learned, it sought Sirius' cooperation with the scheduling order. Notwithstanding OMG's concessions to Sirius' requests for modifications, Sirius is now refusing to cooperate.

    Sirius misrepresents the status of discovery to the court. Sirius still has not fully complied with its discovery obligations. Indeed, Sirius only answered the Interrogatories OMG served in December, 2006 earlier this week and OMG is in the process of determining if the documents bates ranges referenced in the answers are, in fact, responsive. Moreover, documents continue to trickle in and another set was delivered to OMG earlier this week. OMG is now in the process of determining if the documents sent by Sirius this week are sufficient to overcome previous baseless "objections" Sirius has proffered. Finally, the formulae requested in December, 2006 were not sent until the end of March, 2007.

    Sirius' statement that OMG conceded that it did not have evidence of misappropriation is also patently false. OMG stated that it needed expedited discovery to determine whether a preliminary injunction was appropriate. OMG's efforts to obtain the legitimate discovery to which it is entitled has met with the mutual stonewalling from Komag and Sirius. Indeed, the two have entered into a joint defense arrangement and are refusing to produce responsive and relevant documents and things to enable OMG to prove that Sirius stole OMG's trade secrets.

CLI-1511860v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Honorable David E. Peebles
April 27, 2007
Page 2

    Finally, Sirius' statement that OMG has not produced evidence of its own trade secrets is belied by the nearly 400,000 pieces of paper produced to date as well as the detailed interrogatory answers served in January, 2007. Notably, OMG has not received any objection by Sirius regarding its discovery responses, including those which ask OMG to identify its trade secrets. The only response OMG has received from Sirius to OMG's Interrogatory Answers and document production is that Sirius needed to retain additional experts to assist it in defending this case.

    In light of the delay encountered from an important witness in this litigation, OMG needs additional time to conduct fact discovery and assess the possibility of a motion for preliminary injunctive relief. Unfortunately, OMG does not know how long it will take the California court to rule on a motion to compel and it will not file one on a piecemeal basis. OMG learned only yesterday that certain samples were en route to its expert, and, once it identifies which samples have, in fact, been sent, it can make the appropriate Motion regarding Komag's deficient response to the Subpoena.

    Accordingly, OMG proposes the following modifications to the existing Scheduling Order:

| Action | Current Date | Amended Dates |
|---|---|---|
| Joinder of Parties | April 30, 2007 | August 31, 2007 |
| Amendment of Pleadings | April 30, 2007 | August 31, 2007 |
| Close of Discovery | July 31, 2007 | November 30, 2007 |
| Opening Expert Reports | May 2, 2007 | August 31, 2007 |
| Responsive Expert Reports | June 18, 2007 | October 18, 2007 |
| Close of Expert Discovery (30 days before close of normal discovery) | July 2, 2007 | November 2, 2007 |
| Motions Deadline | August 31, 2007 | December 31, 2007 |
| Trial Ready Date | 60 days after motions deadline if no motions submitted | February 28, 2008 |

    In light of the foregoing, OMG requests a conference with the court to discuss a new Scheduling Order in this case. Thank you for your attention to the foregoing.

Very truly yours,

Meredith M. Wilkes

cc:    John J.P. Howley, Esq.
       Jonathan Fellows, Esq.

CLI-1511860v1