# EXHIBIT C

# KAYE SCHOLER LLP

John J.P. Howley
212 836-8311
Fax 212 836-6611
jhowley@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

April 30, 2007

**Via Electronic Filing**

Hon. David E. Peebles
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7345
Syracuse, NY 13261-7345

Re: *OMG Fidelity, Inc. v. Sirius Technologies, Inc.*,
Civ. No. 6:06CV1184 (DNH/DEP)

Dear Judge Peebles:

We write on behalf of defendant Sirius Technology Inc. in opposition to plaintiff OMG Fidelity, Inc.'s request for a four-month delay in the discovery schedule. We request that the current scheduling order be maintained as is.

Plaintiff's assertion that it requires a four-month delay to obtain discovery from its customer, Komag, is simply false. Komag has produced all Sirius-related documents to plaintiff. To the extent Komag has refused to produce some documents concerning its vendors *other than defendant Sirius* on the ground that the information is highly confidential and irrelevant to this lawsuit, plaintiff has known about that objection since before the January 25, 2007 conference call with this Court, when plaintiff said it was contemplating a motion to compel in California. Plaintiff never made such a motion. Instead, in subsequent conferences with the Court on March 1 and March 13, 2007, plaintiff's counsel represented that plaintiff would serve its expert reports by May 2.

Plaintiff's decision to wait more than three months before making a motion to compel belies any need for additional discovery from Komag – especially since plaintiff has already received all Sirius-related documents from Komag, as well as all of Sirius' documents and chemistry samples directly from defendant.

Plaintiff does not dispute that defendant produced documents describing the composition of its Komag formulation in December 2006, that defendant produced all laboratory notebooks showing the development of its formulas in December 2006, and that defendant produced physical samples of all requested chemistries to plaintiff's laboratory on March 5. Plaintiff's assertion that defendant has since supplemented its document production and interrogatory answers is entirely misleading. Defendant supplemented its interrogatory answers

# KAYE SCHOLER LLP

Hon. David E. Peebles          2          April 30, 2007

merely to provide specific Bates-number ranges for documents it had already produced, and its supplemental document production was limited to a small number of documents containing information that had already been produced in February.

In stark contrast, six months after commencing this action, plaintiff still has not identified the alleged trade secrets that it claims defendant misappropriated. In response to interrogatories requesting that information, plaintiff referred defendant to 25,749 pages of documents, without explanation, and to a laundry list of numerous chemical components and process steps involved in electroless nickel deposition. These answers were woefully inadequate, but given plaintiff's repeated representations to the Court that it would comply with the May 2 deadline for filing expert reports -- which would have to identify any alleged trade secrets at issue -- we reasonably decided to avoid the time and expense of discovery motion practice.

Plaintiff's last-minute request for a four-month delay will have devastatingly prejudicial effects on defendant. Although plaintiff has not yet identified a single trade secret supposedly misappropriated by defendant, the mere existence of this lawsuit has cast a cloud over defendant's small business, and the mounting costs of the proceedings -- which plaintiff is now seeking to prolong further -- threaten its very existence.

For all the foregoing reasons, and for the reasons set forth in my April 26, 2007 letter to the Court, defendant respectfully requests that plaintiff's extraordinary request for a four-month delay in the discovery schedule be denied, and that plaintiff be directed to serve its expert reports on May 2 pursuant to the Court's scheduling order.

Respectfully,

John J.P. Howley

JJPH/nmf

cc:     Meredith Wilkes, Esq.
        Jonathan Fellows, Esq.