**\*E-FILED 7/5/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

OMG FIDELITY INC.,

    Plaintiff,

  v.

SIRIUS TECHNOLOGY, INC. et al.,

    Defendants.

NO. 07-80121 MISC RMW (RS)

**ORDER DENYING MOTION TO COMPEL**

## I. INTRODUCTION

This miscellaneous action was initiated by OMG Fidelity, Inc. to enforce a third-party subpoena it caused to be issued and served in this District in connection with an action brought by OMG against Sirius Technology, Inc. and others that is presently pending in the Northern District of New York. The materials OMG seeks to obtain are in the possession of Komag, Inc., but potentially implicate trade secrets or other confidential information of OMG's competitors who are not parties to this proceeding or to the underlying action in New York. Because OMG has failed to show that the material it seeks has other than the most attenuated relevance to the issues in the underlying action, the motion will be denied.

## II. BACKGROUND

OMG sells "electroless nickel plating applications" used in the production of "thin-film memory disks." Komag is a long-time customer of OMG. A former OMG employee, Alan Ruffini,

1

is now employed by Sirius. OMG believes that Ruffini and Sirius have been working with Komag in an attempt to develop electroless nickel plating applications that Sirius can then supply to Komag. The New York action charges trade secret theft, interference with contract, and related claims.

The subpoena at issue seeks information regarding all of Komag's attempts to find an alternate source of electroless nickel plating. In dispute are Requests Nos. 8, 11, and 12. Request No. 8 calls for documents related to any effort by Komag to produce an electroless nickel product at its own facilities. Request No. 11 seeks physical samples of any such products sold or offered to Komag by any person other than OMG. Request No. 12 seeks any documents relating to Komag's efforts to obtain such products from anyone other than OMG.

Komag has responded to all three requests, but only insofar as the other party involved was Sirius. In other words, Komag reports that it has produced anything related to its efforts to obtain electroless nickel products from Sirius (or to make its own with Sirius's help), but not material related to any *other* persons from which it has sought to obtain such products.

## III. DISCUSSION

Other than emphatic assertions that the materials it seeks are "certainly" discoverable under the broad definition of "relevance" applicable during discovery, OMG has done little to explain why it would be appropriate to require Komag to turn over potentially sensitive information relating to parties who are not directly involved in the underlying action. OMG appears to be relying on the notion that to prove its trade secret claims, it must show that its competitors do not possess the same information. Although it may be true that a trade secret plaintiff must show that it is protecting a "secret"–something not generally known or used by others–it would be inappropriate to bootstrap that general concept into a discovery right entitling the plaintiff to explore all its competitors' processes, some of which might be trade secrets themselves, to prove the negative that none of them implicate the plaintiff's own claimed trade secrets. In other words, the filing of a trade secret action should not automatically entitle a plaintiff to wholesale inquiry into the confidential information of all of players in the industry, without regard to whether they are directly involved in the dispute at hand.

2

Additionally, even if OMG were to obtain the materials it is seeking here, the only circumstance under which they conceivably would have importance in the case would be if it turned out that OMGs competitors *do* use the same processes and formulations as OMG uses–thereby undermining the trade secret claim. Thus, OMG has not shown that it reasonably needs these materials to prove its claims.

Accordingly, OMG has failed to establish that the discovery it seeks is "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26 (b) (1). The motion will therefore be denied.

## IV.  CONCLUSION

For the reasons set forth above, OMG's motion to compel Komag, Inc. to produce further documents in things in response to Requests Nos. 8, 11, and 12 of the subpoena is denied.

IT IS SO ORDERED.

Dated: July 5, 2007

RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Jenny L. Dixon    jldixon@wsgr.com, cjohnston@wsgr.com

Anthony Thomas Jacono    atjacono@jonesday.com, dlhughes@jonesday.com

Tharan Gregory Lanier    tglanier@jonesday.com, snakanomcswain@jonesday.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 7/5/07**                                          **Chambers of Judge Richard Seeborg**

                                                    **By:      /s/ BAK**